IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Karen Reynolds, | C/A No. 18-841-DCC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Nancy A. Berryhill, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Disability Insurance Benefits. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("Report") on March 12, 2019, recommending that the Court reverse the decision of the Commissioner and remand for further proceedings. ECF No. 21. Neither party filed objections to the Report.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) ("[I]n the absence of a timely

1

filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" (quoting Fed. R. Civ. P. 72 advisory committee's note to 1983 addition)).

In her brief, Plaintiff makes a compelling case for a finding of disability. Indeed, Plaintiff submitted abundant medical evidence documenting her lupus diagnosis and its significant impact on her ability to contribute to the workforce. Courts have repeatedly held that "[i]n considering whether a claimant's condition meets or equals a listed impairment, an ALJ must discuss the listing by name and offer more than a perfunctory analysis of the listing." *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). Inexplicably, rather than evaluating this evidence under all potentially applicable listings, the ALJ summarily addresses Listing 14.06 and fails completely to mention Listing 14.02.[1] Because the ALJ's analysis is so limited and conclusory, the record is insufficient for meaningful judicial review of the ALJ's decision. Reluctantly, the Court is constrained to remand the case to the ALJ for further consideration of the applicable listings.[2] *See Mascio v. Colvin*, 780 F.3d 632, 637 (4th Cir. 2015 (noting that "remand is necessary" because the Court is "left to guess about how the ALJ arrived at his conclusions").

The Court's reluctance to simply remand this case is rooted in an emerging pattern of decisions from the Commissioner that are not sufficiently based in fact or law. The Social Security program serves the "governmental purpose of providing benefits to

---

[1] Listings 14.02 and 14.06 are identical *except* for the underlying diagnosis. The ALJ's failure to acknowledge Plaintiff's diagnosis of systemic lupus erythematosus, which would make Listing 14.02 applicable, highlights the lack of analysis in the underlying order.

[2] The ALJ should also consider Plaintiff's remaining issues that she raised in this appeal.

2

persons unable to work because of a serious disability." *Bird v. Commissioner*, 699 F.3d 337, 343 (4th Cir. 2012) (citing *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002)). To that end, the program "evaluate[s] a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis," "focus[es] on analyzing a claimant's functional limitations," and "requires claimants to present extensive medical documentation in support of their claims." *Id.* Furthermore, the program has "a detailed regulatory scheme that promotes consistency in adjudication of claims." *McCartey*, 298 F.3d at 1076. Yet, all too often, the Court reviews cases that were not adjudicated fairly, quickly, or accurately. Because of the limited scope of judicial review, the Court is often left in the unfortunate position of merely remanding the case to the ALJ for another hearing resulting in even further delay for a disabled claimant.

A quantitative examination of the Social Security judicial review process is revealing. In fiscal year 2014, the federal courts adjudicated 18,193 appeals from the denial of Social Security benefits. Jonah Gelbach & David Marcus, *A Study of Social Security Litigation in the Federal Courts*, Administrative Conference of the United States at 44 (July 28, 2016).[3] The federal courts ruled for disability claimants in 45% of these appeals. *Id.* In the District of South Carolina, the rate is even higher, with disability claimants prevailing in 54.2% of cases during the period from 2010 to 2013. *Id.* at 84. Of course, there are a variety of reasons for these surprisingly high reversal rates, and the cause of the dysfunction within the Social Security system is a problem best left to scholars to analyze and legislators to solve. But the fact remains that the Court too often

---

[3] https://scholarship.law.upenn.edu/cgi/viewcontent.cgi?article=2669&context=faculty_scholarship.

finds itself "charged with the unenviable task of deciding yet another in an exceptionally long line of Social Security cases run amok." *Freismuth v. Astrue*, 920 F. Supp. 2d 943, 945 (E.D. Wis. 2013).

Whatever the cause may be, it is clear that the Social Security system is broken. Each and every case that results in years-long appeals through the administrative and judicial review process has, at its core, a person who is alleging disability so severe that he or she can no longer participate in the workforce. For that reason, the consequences of an improper denial of benefits are devastating. Claimants must often forego necessary medical care, incur substantial debt, or even file for bankruptcy merely to keep food on their table and to support their dependents. "Those individuals must suffer the seemingly unending frustration of having their cases, not unlike the one before the court today, drag on for years with no ultimate resolution in sight." *Id.* at 946. In addition to this enormous human toll, the failures of the Social Security system also exact tremendous financial costs. The federal courts must devote substantial time, energy, and manpower to reviewing each and every fact intensive case. Additionally, there is "a deluge of taxpayer dollars paid out in the form of attorneys' fees to counsel for prevailing plaintiffs pursuant to the Equal Access to Justice Act." *Id.* at 945.

The Court recognizes that the personnel in the Social Security system—including ALJs—are overworked with very high caseloads. That, however, does not excuse the high number of meritorious appeals that courts see on a daily basis. Often, the errors in the administrative process are so apparent that the government should recognize the

appeal for what it is—an inevitable victory for a claimant that will result in a remand.[4]  Yet the victory is merely pyrrhic, for the claimant must now submit again to the flawed administrative decision-making process.  The Court has no illusions that this Opinion will cause any significant change in our broken Social Security system.  Indeed, this Court has expressed its concerns in this regard in previous cases.  Perhaps this Opinion will, however, cause the ALJ in this case to give serious consideration to the substantial limitations Plaintiff suffers due to her lupus and the constellation of related effects on her health.

Having reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge, the Court finds no clear error and adopts the Report by reference in this Order.  Therefore, the Commissioner's decision is **REVERSED** and the Court remands this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

May 21, 2019
Spartanburg, South Carolina

---

[4] Sometimes, to its credit, the Commissioner acknowledges that a remand is warranted early in a case.  See *Jackson v. Commissioner*, No. 5:17-cv-02720-DCC, ECF No. 18.  This, however, occurs far too infrequently.  In that vein, the Court acknowledges and appreciates the Government's wise exercise of discretion in declining to file objections to the Report in this case.